UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARK 'N FLY SERVICE, LLC,
a Delaware limited liability company,

     Plaintiff,

v.                                CASE NO.

NAEEM HAIDER, a Florida resident, and
5M ASSOCIATES, LLC, a Florida limited
liability company,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Park 'N Fly Service, LLC ("PNF") hereby sues Defendants 5M Associates, LLC ("5M Associates") and Naeem Haider ("Haider") (collectively, "Defendants"), and alleges as follows:

### Nature of the Action

1.     PNF is the owner of the PARK 'N FLY word mark ("PARK 'N FLY Word Mark") and the PARK 'N FLY logo mark ("PARK 'N FLY Logo Mark") for airport-adjacent vehicular parking and airport transportation (collectively, the "Asserted Marks").

*ACTIVE 61673958v3*

2.      PNF and its predecessors in interest have used the PARK 'N FLY Word Mark since 1967 and its federal service mark registration (Reg. No. 1,111,956) is incontestable under Lanham Act, Section 15.

3.      PNF and its predecessors in interest have used the PARK 'N FLY Logo Mark since 1977 and its federal service mark registration (Reg. No. 2,666,170) is also incontestable under Lanham Act, Section 15.

4.      PNF and its affiliates operate the United States' largest off-site airport parking and shuttle service and serve millions of business and leisure travelers every year.  In a seminal trademark decision, the United States Supreme Court expressly recognized the protections afforded the federally-registered and incontestable PARK 'N FLY Word Mark, and PNF's right to enjoin infringement of the PARK 'N FLY Word Mark.  *See Park 'n Fly v. Dollar Park & Fly*, 469 U.S. 189 (1985).

5.      5M Associates is a direct competitor of PNF and is willfully infringing the Asserted Marks by using the confusingly-similar marks "PARK EZ FLY & RIDE," "PARK EZ & FLY," and "PARK EZ FLY" and confusingly-similar designs of a light-blue-over-dark-blue line, light-blue-over-dark-blue arrow, and light-blue-over-dark-blue arrow-and-chevron design (collectively, the "Accused Marks") in commercial signage at its place of business, on airport shuttle decals,

2

and within online promotional materials to trade off the goodwill and reputation PNF has developed over time in the airport parking and transportation industry.

6.       Haider is an officer of 5M Associates and personally owns the parking facility where 5M Associates (i) operates its airport parking and transportation business servicing Jacksonville International Airport, (ii) parks its shuttles, (iii) displays its signage, and (iv) directs its online booking customers.

7.       On information and belief, Haider personally directed the infringing conduct described herein.

8.       Defendants' use of the Accused Marks has in fact caused actual confusion among customers seeking airport parking and transportation services in this District.

9.       As redress for the trademark violations committed by Defendants, PNF sues for service mark infringement and unfair competition under the federal Lanham Act, and service mark infringement and unfair competition under Florida common law.  As remedies, PNF seeks actual damages, an award of Defendants' profits, attorneys' fees, costs, and preliminary and permanent injunctive relief.

## Parties, Jurisdiction and Venue

10.       PNF is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.  PNF transacts business in the State of Florida

*ACTIVE 61673958v3*

and this District including through its licensed affiliates.

11.    5M Associates is a Florida limited liability company with its principal place of business at 1384 Moss Creek Drive, Jacksonville, Florida 32225. *See* **Exhibit A**.

12.    5M Associates operates the airport parking facility located at 1759 Airport Road, Jacksonville, Florida 32218. *See* **Exhibit B**.

13.    Haider is an individual residing at 1384 Moss Creek Drive, Jacksonville, Florida 32225 and is domiciled in the State of Florida. *See* **Exhibit C**.

14.    Haider is a Managing Member of Defendant 5M Associates. *See* **Exhibit D**.

15.    Haider is the Grantee on the Corporate Warranty Deed associated with the property located at 1759 Airport Road, Jacksonville, Florida 32218, Parcel Identification Number 019354-0020 (the "Parking Lot").  *See* **Exhibit E**; **Exhibit F**.

16.    On information and belief, Haider directed the activities of 5M Associates giving rise to this action, including directing the use of the Accused Marks in commercial signage at the Parking Lot, on airport shuttles transporting the Parking Lot's customers, and within online promotional materials for the Parking Lot.

17.     This Court has subject matter jurisdiction in this case pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1338.  This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are closely related to the federal claims that they form a single case or controversy.

18.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because 5M Associates and Haider both reside within this judicial district and a substantial portion of the events or omissions giving rise to this action occurred in this judicial district.

## General Allegations

### I.     The PARK ′N FLY Service Mark

19.     Park ′N Fly, Inc. began using the PARK ′N FLY Word Mark in 1967.

20.     In 1969, Park ′N Fly, Inc. applied to the United States Patent and Trademark Office to register a service mark consisting of the logo of an airplane and the brand "Park ′N Fly," and the registration issued in August 1971.

21.     In December 23, 1977, Park ′N Fly, Inc. applied to the United States Patent and Trademark Office to register the word mark PARK ′N FLY, and the registration issued on January 23, 1979.

22.     PNF is the owner of the PARK ′N FLY Word Mark and such mark appears on the Principal Register of the United States Patent and Trademark

Office as Service Mark Registration No. 1,111,956.  A copy of this service mark registration (the "Word Mark Registration") is attached as **Exhibit G**.

23.     Park 'N Fly, Inc. began using the PARK 'N FLY Logo Mark in 1977.

24.     In December 20, 2001, Park 'N Fly, Inc. applied to the United States Patent and Trademark Office to register the PARK 'N FLY Logo Mark, and the registration issued on December 24, 2002.

25.     PNF is the owner of the PARK 'N FLY Logo Mark and such mark appears on the Principal Register of the United States Patent and Trademark Office as Service Mark Registration No. 2,666,170.  A copy of this service mark registration (the "Logo Mark Registration") is attached as **Exhibit H**.

26.     An image of the PARK 'N FLY Logo Mark, as it was registered with the United States Patent and Trademark Office, is shown below as Figure 1:



Fig. 1

27.     As a leading provider of airport parking and transportation services in the United States, there is a PARK 'N FLY-branded facility at most major airports in the United States, including Orlando International Airport, which is less than 175 miles from Jacksonville International Airport.

6

28.     PNF built its reputation in the airport parking and transportation industry, in part, by adhering to strict quality standards and a commitment to customer service, which has led to the Asserted Marks evoking images of the dependable, effective, and efficient service that PNF consistently provides through the United States, servicing most major airports.

29.     The Asserted Marks are valid and subsisting and have not been abandoned, cancelled, or revoked.  The Word Mark Registration and the Logo Mark Registration constitute *prima facie* evidence of Plaintiff's exclusive right to use the Asserted Marks in connection with the services recited therein.

30.     PNF, as the owner of the valid and subsisting Asserted Marks, has the right and legal obligation to exclude unrelated third parties from using the Asserted Marks, and confusingly-similar terms, for parking and transportation services.

31.     PNF has not authorized Defendants to use the Accused Marks for any purpose.

32.     PNF has also developed common-law rights in the Asserted Marks, which have been continuously used by PNF and its predecessors in interest throughout the United States for over 40 years.

## II.     Defendants and Their Willful Infringement

33.     5M Associates' principal place of business is located at 1384 Moss

7

Creek Drive, Jacksonville, Florida 32225. *See* **Exhibit A**.

34.     Haider is a Managing Member of Defendant 5M Associates. *See* **Exhibit D**.

35.     On information and belief, Haider decided to use the Accused Marks on and in connection with 5M Associates' services.

36.     On information and belief, Haider personally approved the selection and use of the Accused Marks and directed 5M Associates to display the Accused Marks in commercial signage at the Parking Lot, on airport shuttles transporting the Parking Lot's customers, and within online promotional materials for the Parking Lot.

37.     5M Associates provides airport-adjacent vehicular parking and airport transportation services to customers of Jacksonville International Airport, which is also serviced by official PNF partners promoted on and accepting booking from the PARK 'N FLY-branded PNF.com website.

38.     Haider allowed signage bearing the Accused Marks to be displayed at the Parking Lot.

39.     On July 6, 2021, PNF sent a letter by Federal Express and email addressed to PARK EZ FLY & RIDE's "Legal Department, President President, and Marketing Department Manager" to 1759 Airport Road, Jacksonville FL 32218 (the "July 6, 2021 Letter").  The July 6, 2021 Letter detailed PNF's exclusive

rights to use the Asserted Marks, identified Defendants' confusingly similar and infringing use and demanded that 5M Associates cease and desist from such use. 5M Associates did not respond the July 6, 2021 Letter.  A true and correct copy of the July 6, 2021 Letter is attached as **Exhibit I**.

40.    On September 9, 2021, PNF's outside counsel sent separate correspondence to 5M Associates by email addressed to Haider at parkezride@gmail.com (the "September 9, 2021 Email").  The September 9, 2021 Email further detailed the confusingly similar and infringing use of the "Park EZ Fly and Ride" branding from the Parking Lot, shuttles, and all online advertising and again demanded that Defendants cease and desist from such use.  A true and correct copy of the September 9, 2021 Email is attached as **Exhibit J**.

41.    Haider responded by email on September 9 and 10, 2021. A true and correct copy of the September 9 and 10, 2021 email responses is attached as **Exhibit K**.

42.    An image of 5M Associates' airport shuttle van, having Florida Tag No. QNUN01 and USDOT No. 3191151, registered to 5M Associates parked at the Parking Lot and prominently displaying the infringing term "PARK EZ FLY" in identical typeface to the typeface in PNF's PARK 'N FLY Logo Mark and a blue arrow-and-chevron design element similar to the design element in PNF's

9

PARK 'N FLY Logo Mark is reproduced below as Figure 2.  The Motor Vehicle

Report for Florida Tag No. QNUN01 is attached as **Exhibit L**.



Fig. 2.

43.     An image of another 5M Associates' airport shuttle van, having

Florida Tag No. QNUQ51, registered to 5M Associates, prominently displaying

the infringing term "PARK EZ FLY" in identical typeface to the typeface in

PNF's PARK 'N FLY Logo Mark above a light-blue-over-dark-blue arrow design

element similar to the design element in PNF's PARK 'N FLY Logo Mark is

reproduced below as Figure 3. As shown in Figure 3, 5M Associates' airport

shuttle van also displays on its door panel the term "PARK EZ FLY & RIDE" in

identical typeface to the typeface in PNF's PARK 'N FLY Logo Mark. The Motor

Vehicle Report for Florida Tag No. QNUQ51 is attached as **Exhibit M**.



Fig. 3

44.     An example of 5M Associates' infringing uses of the Accused Marks in commercial signage at the Parking Lot including the infringing term "PARK EZ FLY" in identical typeface to the typeface in PNF's PARK 'N FLY Logo Mark above a light-blue-over-dark-blue line design element similar to the design element in PNF's PARK 'N FLY Logo Mark is reproduced below as Figure 4. As shown in Figure 4, the commercial signage displayed by Defendants at the Parking Lot, also includes a separate logo with the term "PARK EZ FLY & RIDE" in identical typeface to the typeface in PNF's PARK 'N FLY Logo Mark.

*ACTIVE 61673958v3*



Fig. 4

45.     In addition, 5M Associates has used the confusingly-similar term "Park Ez Fly" on its vehicle claim check.   A photograph of the vehicle claim check distributed by 5M Associates is reproduced below as Figure 5.



Fig. 5

46.     In addition, 5M Associates has used the confusingly similar term "Park EZ Fly & Ride" on its reservation confirmations and receipts.  Photographs of an email reservation confirmation and an email receipt distributed by 5M

12

Associates are reproduced below respectively, as Figures 6 and 7:



Fig. 6



Fig. 7

*ACTIVE 61673958v3*

47.     Based on Defendants' definite and present intent, apparent ability and continued use of commercial signage, shuttle decals, and promotional materials resembling the federally-registered and incontestable Asserted Marks to compete with PNF, it is apparent that Defendants seek to capitalize on the goodwill and reputation PNF developed in the Asserted Marks over the past fifty (50) years.

48.     In particular, Defendants' signs, decals, and promotional materials are confusingly similar in sight, sound, meaning, and commercial impression, in that Defendants use the Accused Marks knowing the use is highly similar in meaning and evokes the same commercial impression within the airport parking and transportation industry as the Asserted Marks.

49.     On information and belief, Defendants use the term "Ez" because its appearance is similar to an ampersand.

50.     On information and belief, Defendants place the words "PARK EZ" above the words "FLY & RIDE" so that "PARK," "&," and "FLY" are close together and call to mind the Asserted Marks.

51.     On information and belief, Defendants' actions have caused actual consumer confusion by leading them to believe that 5M Associates is PNF, a PNF licensee, or otherwise affiliated with PNF.

14

52.     Despite multiple attempts to reach Defendants and resolve this dispute without a lawsuit, Defendants have not discontinued the use of the confusingly similar terms.

53.     Unless enjoined, Defendants' actions are almost certain to continue and to continue to cause customer confusion in the marketplace.

54.     Defendants' actions were done without the consent, approval, or authority of PNF and have damaged the goodwill and reputation of PNF in the airport parking and transportation industry.

55.     Defendants' continued use of the Accused Marks is causing irreparable harm to PNF that cannot be cured by money damages alone.

56.     Defendants' services are inferior to those offered by PNF and its vetted partners.   Thus, PNF's goodwill and reputation is being tarnished by Defendants' infringing actions.   Moreover, the consuming public is harmed when they are misled to use and purchase Defendants' inferior services.

57.     PNF will continue to be harmed as long as Defendants are allowed to trade on its goodwill and reputation.   In contrast, Defendants will not be justifiably harmed by being required to cease and desist from such infringing use of PNF's federally-registered and incontestable marks.   PNF has no adequate remedy at law as monetary damages will not provide full and adequate relief for all of PNF's injuries from Defendants' unlawful conduct.

*ACTIVE 61673958v3*

58.     In the face of PNF's repeated demands that Defendants cease their infringing conduct, and Defendants' refusal to do so, Defendants' actions have necessitated the filing of this lawsuit.

59.     PNF has retained the undersigned as its counsel, and is obligated to pay the undersigned the reasonable attorneys' fees, costs and expenses incurred in connection with this action.

## Count I - Federal Service Mark Infringement
### (15. U.S.C. § 1114(1)(a))

60.     PNF realleges and incorporates paragraphs 1 through 57 as if fully set forth herein.

61.     The Word Mark Registration is valid and subsisting, and is *prima facie* evidence of the validity of the PARK 'N FLY Word Mark, of PNF's ownership of the PARK 'N FLY Word Mark, and of PNF's exclusive right to use the PARK 'N FLY Word Mark and for goods and services relating to airport-adjacent vehicular parking and airport transportation.   By virtue of this registration, the PARK 'N FLY Word Mark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

62.     The Logo Mark Registration is valid and subsisting, and is *prima facie* evidence of the validity of the PARK 'N FLY Logo Mark, of PNF's ownership of the PARK 'N FLY Logo Mark, and of PNF's exclusive right to use the PARK 'N FLY Logo Mark and for goods and services relating to airport-adjacent vehicular

16

parking and airport transportation.  By virtue of this registration, the PARK 'N FLY Logo Mark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

63.     Defendants' present, immediate, and definite intent and apparent ability to use signage, vehicle decals, and promotional materials including the Accused Marks, which are confusingly similar to the Asserted Marks, without PNF's authorization, approval, or consent constitutes a counterfeit use of the Asserted Marks, as defined in 15 U.S.C. § 1116(d)(1)(B)(ii).

64.     This conduct by Defendants has caused and is likely to continue to cause confusion or mistake among consumers or to deceive consumers as to whether 5M Associates' services are the same as PNF's services or affiliated with PNF.

65.     Defendants' conduct constitutes service mark infringement pursuant to § 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), which has caused, and will continue to cause, PNF to incur damages.

66.     As a direct and proximate result of Defendants' foregoing wrongful conduct, PNF has suffered, and unless enjoined, will continue to suffer severe and substantial damage to its goodwill and reputation.

*ACTIVE 61673958v3*

67.     PNF has no adequate remedy at law as monetary damages will not provide full and adequate relief for all of its injuries from Defendants' unlawful conduct.

**WHEREFORE**, PNF seeks damages against Defendants, interest, attorneys' fees, costs, preliminary and permanent injunctive relief, and all other relief this Court deems just and proper.

### Count II - Federal Unfair Competition
### (15 U.S.C. § 1125(a))

68.     PNF realleges and incorporates paragraphs 1 through 57 and 61 through 62 as if fully set forth herein.

69.     PNF has developed and maintained exclusive rights in the Asserted Marks under the Lanham Act.

70.     Defendants' present, immediate, and definite intent and apparent ability to use the Accused Marks, which are confusingly similar to the Asserted Marks, without PNF's approval or consent constitutes a use in commerce of a term or name that is likely to cause confusion among consumers as to the source, sponsorship, or affiliation of the services provided by 5M Associates under 15 U.S.C. § 1125(a)(1)(A).

71.     The activities of Defendants have misled and deceived and are likely to continue to mislead and deceive consumers into believing that they are using

PNF's and its partners' services when they are, in fact, using Defendants' services.

72.     This conduct constitutes a false designation of origin, and unfair competition, and false endorsement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which has caused, and will continue to cause, PNF to incur damages.

73.     As a direct and proximate result of Defendants' foregoing wrongful conduct, PNF has suffered, and unless enjoined, will continue to suffer severe and substantial damage to its goodwill and reputation.

74.     PNF has no adequate remedy at law as monetary damages will not provide full and adequate relief for all of its injuries from Defendants' unlawful conduct.

**WHEREFORE**, PNF seeks damages against Defendants, interest, attorneys' fees, costs, preliminary and permanent injunctive relief, and all other relief this Court deems just and proper.

### Count III - Florida Common Law Trademark Infringement

75.     PNF realleges and incorporates paragraphs 1 through 57 and 61 through 62 as if fully set forth herein.

76.     PNF has developed and maintained exclusive rights in the Asserted Marks under Florida common law.

*ACTIVE 61673958v3*

77.     Defendants' present, immediate, and definite intent and apparent ability to the Accused Marks, which are confusingly similar to the Asserted Marks, without PNF's approval or consent constitutes an intentional and unauthorized competitive use of PNF's service marks in commerce, and has caused and is likely to continue to cause confusion or mistake among consumers or to deceive consumers as to the source and origin of 5M Associates' services.

78.     This conduct constitutes service mark infringement under Florida common law, and has caused, and will continue to cause, PNF to incur damages.

79.     As a direct and proximate result of Defendants' foregoing wrongful conduct, PNF has suffered, and unless enjoined, will continue to suffer severe and substantial damage to its goodwill and reputation.

80.     PNF has no adequate remedy at law as monetary damages will not provide full and adequate relief for all of its injuries from Defendants' unlawful conduct.

**WHEREFORE**, PNF seeks damages against Defendants, interest, preliminary and permanent injunctive relief, and all other relief this Court deems just and proper.

## Count IV - Florida Common Law Unfair Competition

81.     PNF realleges and incorporates paragraphs 1 through 57 and 61 through 62 as if fully set forth herein.

*ACTIVE 61673958v3*

82.    PNF adopted the Asserted Marks as a means of establishing goodwill and to distinguish its services from competing services.

83.    PNF's Asserted Marks have, over time, acquired a secondary meaning in the airport parking and transportation industry, identifying PNF as a source of safe, secure and efficient airport parking and transportation.

84.    Defendants have demonstrated a present, immediate, and definite intent and apparent ability to use the widespread consumer recognition of PNF's Asserted Marks to advertise its own company and the services it sells.

85.    Defendants have created a mistaken belief among consumers that 5M Associates and PNF are the same entity, or at least that there exists an association between 5M Associates and PNF, and has increased 5M Associates' own sales volume at the expense of PNF and its customers.

86.    This deliberate conduct by Defendants is likely to confuse customers into believing that PNF and 5M Associates are the same entity, or, at the very least, that 5M Associates is somehow affiliated with PNF.

87.    This conduct constitutes unfair competition under Florida common law and has caused, and will continue to cause, PNF to incur damages.

88.    As a direct and proximate result of Defendants' foregoing wrongful conduct, PNF has suffered, and unless enjoined, will continue to suffer severe and substantial damages to its goodwill and reputation.

89.     PNF has no adequate remedy at law as monetary damages will not provide full and adequate relief for all of its injuries from Defendants' unlawful conduct.

### **Count V – Violation of Florida's Deceptive and Unfair Trade Practices Act**

90.     PNF realleges and incorporates paragraphs 1 through 57 as if fully set forth herein.

91.     Defendants' conduct alleged herein violates Florida's Deceptive and Unfair Trade Practices Act, Florida Statutes, §501.201 et seq.

92.     Defendants' conduct alleged herein constitutes unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of Fla. Stat. §501.201 et seq.

93.     Defendants acted wantonly, willfully, intentionally, maliciously, and with total disregard for PNF's rights and property interests.

94.     As a direct and proximate result of Defendants' foregoing wrongful conduct, PNF has suffered, and unless enjoined, will continue to suffer severe and substantial damage to its goodwill and reputation.

95.     PNF has no adequate remedy at law as monetary damages will not provide full and adequate relief for all of its injuries from Defendants' unlawful conduct.

*ACTIVE 61673958v3*

**WHEREFORE**, PNF seeks actual damages, disgorgement of Defendants' ill-gotten profits, interest, preliminary and permanent injunctive relief, and all other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

PNF demands trial by jury on all issues so triable.

Dated: January 4, 2022.

Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**

s/*Joshua R. Brown*
Joshua R. Brown, B.C.S.
Florida Bar No. 826391
*brownjr@gtlaw.com*
Corinne M. LaGosh
Florida Bar No. 0119259
*lagoshc@gtlaw.com*
450 South Orange Ave., Suite 650
Orlando, Florida 32801-3371
Telephone: (407) 420-1000
Facsimile: (407) 841-1295

*ACTIVE 61673958v3*